UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD TIMBERLAKE,<br><br>Petitioner,<br><br>v.<br><br>KELLY SANTORO, Warden,<br><br>Respondent. | No. 1:20-cv-00013-NONE-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION FOR STAY AND DISMISS PETITION WITHOUT PREJUDICE**<br><br>[Doc. 26] |

Petitioner is a state prisoner proceeding *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented in this action by Fay Arfa, Esq. Pending before the Court is Petitioner's motion to stay the proceedings in this action under either Rhines v. Weber, 544 U.S. 269, 277 (2005) or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). Because direct review has not concluded, the Court finds that it should abstain from interfering in ongoing state proceedings pursuant to Younger v. Harris, 401 U.S. 37 (1971), and that a stay of federal proceedings is inappropriate. For reasons that follow, the Court will recommend that Petitioner's motion for stay be DENIED, and the petition be DISMISSED WITHOUT PREJUDICE.

**I.    BACKGROUND**

On February 19, 2016, a Kern County jury found Petitioner guilty of second degree murder (Cal. Penal Code, § 187(a); count 1). People v. Timberlake, 2018 WL 4002008 (Cal. Ct.

1

App. 2018). It also found him guilty of being a felon in possession of a firearm (Cal. Penal Code § 29800(a)(1); count 2); carrying a loaded firearm as an active street gang member (Cal. Penal Code § 25850(c)(3); count 3); and being an active member of a criminal street gang (Cal. Penal Code § 186.22(a); count 4). Id. The jury further found true that count 2 was committed for the benefit of or in association with a criminal street gang (Cal. Penal Code § 186.22(b)(1)); and found true, as to all counts, personal firearm use enhancements (Cal. Penal Code §§ 12022.5(a); 12022.53(d)). Id. In a bifurcated proceeding, the trial court found Petitioner had suffered two prior strike convictions (Cal. Penal Code § 667(c)-(j)), two prior serious felony convictions (Cal. Penal Code § 667(a)(1)), and served two prior prison terms (Cal. Penal Code § 667.5(b)). Id. On March 30, 2016, the court sentenced him to an aggregate prison term of 65 years-to-life. Id.

Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). On August 22, 2018, the Fifth DCA affirmed the judgment but remanded the matter for resentencing. Id. Petitioner filed a petition for review in the California Supreme Court, and the petition was denied on October 31, 2018. (Doc. 11-8.)

On January 18, 2019, Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court. (Doc. 11-9.) On May 30, 2019, the superior court denied the petition. (Doc. 11-10.) On June 19, 2019, Petitioner filed a habeas petition in the Fifth DCA. (Doc. 11-13.) The petition was denied without prejudice for failure to declare the claims to be true under penalty of perjury. (Doc. 11-14.) On July 29, 2019, Petitioner filed a habeas petition in the California Supreme Court. (Doc. 11-15.) On October 30, 2019, the petition was summarily denied. (Doc. 11-16.)

On January 6, 2020, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) Respondent filed an answer on April 9, 2020. (Doc. 15.) On June 18, 2020, Petitioner filed a traverse. (Doc. 18.) Thereafter, Petitioner retained counsel. Counsel discovered that the trial court had not resentenced Petitioner in accordance with the appellate court's August 22, 2018, order. (Doc. 24 at 3.) After counsel notified the superior court, the superior court appointed an attorney to represent Petitioner in his resentencing. (Doc. 24 at 3.) On November 24, 2020, the superior court resentenced Petitioner. (Doc. 26 at 11.) Petitioner appealed to the

1 | Fifth DCA, and the appeal is currently pending.

2 | On January 4, 2021, Petitioner filed a motion for stay of proceeding pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005) or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). Respondent filed an opposition on January 26, 2021, and Petitioner filed a reply on April 27, 2021. (Docs. 30, 33.)

**II.     DISCUSSION**

    A.     Premature Petition

It is premature for this court to review Petitioner's collateral attack on his conviction, because direct review is still ongoing, and there is no final judgment. A federal court's jurisdiction to review the merits of a habeas petition commences, in pertinent part, on "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A).

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances. Id. at 49, 53. Younger abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

The Younger criteria are satisfied here. First, the appeal of Petitioner's resentencing is still pending. Notwithstanding the fact that Petitioner's appeal concerns resentencing, the judgment is not final. The Supreme Court has stated: "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). Second, resentencing proceedings implicate an important state interest in enforcing criminal laws without federal interference. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing Younger, 401 U.S. at 44-45). Finally, the California state courts provide an adequate forum in which Petitioner may pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[A] federal court

should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). When the state proceedings have fully concluded and his conviction becomes final, Petitioner may seek federal habeas relief. See, e.g., Fellows v. Matteson, 2020 WL 4805022 (C.D. Cal. May 18, 2020) (prisoner "may seek federal habeas relief after his California state criminal proceedings, including his pending SB 620 motion in the California Court of Appeal, have concluded with a final judgment of conviction."). For these reasons, the Court does not find that extraordinary circumstances warrant intervention.

The Court further notes that "courts in the Ninth Circuit have abstained under Younger when a habeas petitioner's state resentencing appeal is pending." Duke v. Gastelo, 2020 WL 4341595, at *4 (C.D. Cal. June 24, 2020), adopted, 2020 WL 4339889 (C.D. Cal. July 28, 2020); Vanhook v. Burton, 2020 WL 5203439 (E.D. Cal. Sept. 1, 2020) (recommending denial of motion for stay and dismissal of federal habeas petition due to pending state appeal for resentencing); adopted, 2020 WL 5943013 (E.D. Cal. Oct. 7, 2020); Sauceda v. Sherman, 2020 WL 2510639, at *4 (C.D. Cal. Feb. 7, 2020) (recommending dismissal of a federal habeas petition due to pending state appeal for resentencing under Cal. P.C. § 1170.95), adopted, 2020 WL 1433678 (C.D. Cal. March 22, 2020); Phillips v. Neuschmid, 2019 WL 6312573, at *3 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing;" recommending dismissal of habeas petition due to pending state appeal for resentencing); adopted, 2019 WL 6310269 (C.D. Cal. Nov. 22, 2019) (collecting cases).

Based on the foregoing, the Court recommends that this action be dismissed without prejudice as premature and barred by Younger.

B.     Motion for Stay

Petitioner seeks stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). Respondent argues that Petitioner has failed to demonstrate he is entitled to a stay.

A district court may, in limited circumstances, stay a petition pending exhaustion of

unexhausted claims if: (1) "the petitioner had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278; Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (courts have discretion to stay and hold in abeyance fully unexhausted petition under Rhines.). Each of these three conditions must be satisfied because, as the court emphasized, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Rhines, 544 U.S. at 277.

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

In this case, the Court finds that a stay is not appropriate under either Kelly or Rhines. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As previously noted, a "'[f]inal judgment in a criminal case means sentence. The sentence is the judgment.'" Burton, 549 U.S. at 156 (2007) (quoting Berman, 302 U.S. at 212). Until Petitioner's judgment and sentence is rendered final "by conclusion of direct review or by the expiration of the time for seeking such review," AEDPA's one-year statute of limitations period will not begin to run. See Burton, 549 U.S. at 156-57. Because the statute of limitations period for the filing of a federal habeas petition has not yet begun to run, it would be inappropriate to grant a stay and abeyance. See, e.g., Banks v. Lynch, 2020 WL 6483903, at *3 (E.D. Cal. Nov. 4, 2020) (denying motion to stay as inappropriate where limitations period had not yet started to run); Bennett v. Fisher, 2015 WL 6523689, at *1 (E.D. Cal. Oct. 27, 2015) (stay inappropriate where limitations period has not even begun to run); Torres v. Peery, 2015 WL 6437687, at *2-3 (E.D. Cal. Oct. 22, 2015) (denying stay and

dismissing petition where direct review of resentencing was ongoing and limitations period had not begun to run); Henderson v. Martel, 2010 WL 2179913, at *6-7 (E.D. Cal. May 26, 2010) (denying petitioner's renewed motion for a stay and abeyance as premature).

Therefore, the Court finds that the motion for stay should be denied.

### III.     RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the motion for stay be DENIED and the Petition for Writ of Habeas Corpus be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **April 28, 2021**                              /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE