1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL EDWARD TIMBERLAKE,            No.  1:20-cv-00013-NONE-SKO (HC)

12              Petitioner,             ORDER ADOPTING FINDINGS AND
                                        RECOMMENDATIONS, DENYING
13                                      MOTION FOR STAY, DISMISSING
                                        PETITION FOR WRIT OF HABEAS
14        v.                            CORPUS WITHOUT PREJUDICE,
                                        DIRECTING THE CLERK OF THE COURT
15                                      TO ASSIGN DISTRICT JUDGE FOR
                                        PURPOSE OF CLOSING CASE AND THEN
16                                      ENTER JUDGMENT AND CLOSE CASE,
     KELLY SANTORO, Warden,             AND DECLINING TO ISSUE CERTIFICATE
17                                      OF APPEALABILITY
              Respondents.
18                                      (Doc. Nos. 26 and 34)

19

20        Petitioner Paul Edward Timberlake is a state prisoner proceeding with counsel and *in*

21   *forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner

22   was not yet represented at the time he filed, *pro se*, his petition and reply brief.  (Doc. Nos. 1, 18.)

23   In the pending petition, he raises six claims:  two claims that inadmissible hearsay was

24   erroneously admitted into evidence at his trial in violation of the Confrontation Clause, one claim

25   of that the state trial court erred in failing to instruct on a lesser-included offense, one claim of

26   prosecutorial misconduct, one claim of ineffective assistance of counsel, and a cumulative

27   prejudice claim.  (*See* Doc. No. 1.)  Respondent filed an answer on April 9, 2020, arguing that

28   petitioner's claims are unexhausted except the first two but that, nevertheless, the petition should

                                          1

1  be denied on the merits, including the first two claims that were adjudicated in state court.  (Doc.

2  No. 15.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

3  636(b)(1)(B) and Local Rule 302.

4          On August 5, 2020, counsel for petitioner entered her appearance and filed the first of two

5  requests for an extension of time to file an amended reply brief.  (Doc. Nos. 21, 22, 24.)

6  However, on January 4, 2021, petitioner (through counsel) filed a motion to stay.  (Doc. No. 26.)

7  A briefing schedule was issued (Doc. No. 28), and on April 29, 2021, the assigned magistrate

8  judge issued findings and recommendations recommending that petitioner's motion for a stay be

9  denied and that the petition be dismissed without prejudice, (Doc. No. 34).

10         In the findings and recommendations, the magistrate judge found, and petitioner agrees,

11 that his state court judgment of conviction is not yet final insofar as he has a pending appeal

12 related to a delayed resentencing that occurred on November 24, 2020.[1]  (Doc. Nos. 34 at 3–4; 35

13 at 4; 26 at 6.)  The magistrate judge recommended that the petition be dismissed as premature

14 under the *Younger* abstention doctrine[2] and that petitioner's motion to stay under *Rhines* or *Kelly*[3]

15 be denied because the one-year limitation period to file a federal habeas petition under the

16 Antiterrorism and Effective Death Penalty Act will not begin to run until petitioner's judgment of

17 conviction is final, i.e. the pending appeal of his resentencing is concluded.  (Doc. No. 34 at 3–6.)

18         Those findings and recommendations were served upon all parties and contained notice

19 that any objections thereto were to be filed within twenty-one (21) days after service.  On April

20 29, 2021, petitioner filed objections to the findings and recommendations.  (Doc. No. 35.)  In his

21 objections, petitioner argues that the facts of *Younger* are distinguishable from the facts of this

22 case insofar as *Younger* involved a pending criminal case and petitioner's matter involves a

---

23

24 [1]  Petitioner did not address the state court resentencing in his § 2254 petition filed on January 6, 2020.  (Doc. No. 1.)  After petitioner's counsel entered the case on August 5, 2020, counsel recognized that the California Court of Appeal had ordered a resentencing on August 22, 2018, that had yet to occur.  (Doc. No. 26 at 3.)  The resentencing was finally held on November 24, 2020, and a direct appeal from that resentencing was filed shortly thereafter.  (*Id.*)

25

26

27 [2]  *Younger v. Harris*, 401 U.S. 37 (1971).

28 [3]  *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002).

1   resentencing, and thus, according to petitioner, abstention is not warranted.  (*Id*. at 3–4.)

2   Petitioner further avers that "other courts have stayed cases pending final resolution of the

3   pending sentencing issue," presumably meaning cases with sentencing issues similar to the issue

4   presented here.  (*Id*. at 4–5.)  Neither of petitioner's arguments is persuasive.

5           First, courts in the Ninth Circuit have found that application of the *Younger* abstention

6   doctrine hinges on the pending nature of the state criminal matter—not the procedural stage at

7   which the pending state criminal matter is.  *See, e.g., Embry v. Johnson*, No. 1:21-cv-00082-

8   NONE-JLT (HC), 2021 WL 2016049, at *1 (E.D. Cal. May 20, 2021) (adopting report and

9   recommendation);  *Pellecer v. Robertson*, No. CV 20-1184-JLS (SP), 2021 WL 1949394 (C.D.

10  Cal. Mar. 12, 2021), *report and recommendation adopted*, No. CV 20-1184-JLS (SP), 2021 WL

11  1947235 (C.D. Cal. May 14, 2021); *Phillips v. Neuschmid*, No. 2:19-cv-03225-RGK (AFM),

12  2019 WL 6312573, at *1 (C.D. Cal. Oct. 18, 2019), *report and recommendation adopted*, No.

13  2:19-cv-03225-RGK (AFM), 2019 WL 6310269 (C.D. Cal. Nov. 22, 2019); *see also Dunsmore v.*

14  *Unknown*, No. 20-56228, 2021 WL 2011463, at *1 (9th Cir. Mar. 26, 2021) (affirming a district

15  court's dismissal of a § 2254 habeas petition under *Younger* where the petitioner's appeal from

16  his second resentencing was still pending in state court)[4].

17          Second, the cases cited by petitioner in support of the granting of a stay of this action are

18  unpersuasive.  The cases cited involved a change in certain state law that newly permitted

19  retroactive relief, or, relatedly, a then newly-issued Ninth Circuit opinion that permitted certain

20  habeas petitions, neither of which circumstance is implicated here.  *See Bernardino v.*

21  *Montgomery*, No. CV 13-8447-VBF (JPR), 2019 WL 6352668 (C.D. Cal. Oct. 16, 2019) (a

22  change in state law permitted retroactive relief); *Diaz-Sanchez v. Beard*, No. 1:14-cv-01204-

23  DAD-SKO (HC), 2019 U.S. Dist. LEXIS 111747 (E.D. Cal. July 2, 2019) (change in certain state

24  law following the release of a newly-decided Ninth Circuit opinion that permitted a habeas

25  challenge to certain state law); *Strong v. Foss*, 2:19-cv-01268 KJM GGH P, 2020 U.S. Dist.

26  LEXIS 48864, at *1-2 (E.D. Cal. Mar. 19, 2020) (change in certain state law permitted retroactive

27

28  [4]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  relief). Petitioner does not explain how his circumstances are analogous to those in the cases he

2  cites such that granting a stay would be appropriate, and the court sees no parallel.

3  　　　In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a

4  *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's

5  objections, the court concludes that the magistrate judge's findings and recommendations are

6  supported by the record and proper analysis. Petitioner's judgment of conviction is not yet final

7  because direct review has not yet concluded. Thus, the statute of limitations for the seeking of

8  federal habeas relief has not yet commenced to run. The pending petition is therefore premature,

9  and the granting of a stay under such circumstances is inappropriate.

10  　　　In addition, the court declines to issue a certificate of appealability. A state prisoner

11  seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

12  his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537

13  U.S. 322, 335-336 (2003); 28 U.S.C. § 2253. If a court denies a petitioner's petition, the court

14  may only issue a certificate of appealability when a petitioner makes a substantial showing of the

15  denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the

16  petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree

17  that) the petition should have been resolved in a different manner or that the issues presented

18  were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473,

19  484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

20  　　　In the present case, the court finds that petitioner has not made the required substantial

21  showing of the denial of a constitutional right to justify the issuance of a certificate of

22  appealability. Reasonable jurists would not find the court's determination that petitioner is not

23  entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to

24  proceed further. Thus, the court declines to issue a certificate of appealability.

25  　　　Accordingly,

26  　　　1.　　The findings and recommendations issued on April 29, 2021, (Doc. No. 34), are

27  　　　　　　adopted in full;

28  　　　2.　　Petitioner's motion for stay (Doc. No. 26), is denied;

4

3.   The petition for writ of habeas corpus is dismissed without prejudice;

4.   The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and

5.   The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   __**August 24, 2021**__                    Dale A. Drozd

_____

UNITED STATES DISTRICT JUDGE

5